### PAYNE v. MELTON.

SPECIFIC PERFORMANCE—DOWER—FRAUD.—Where a husband executes a contract for sale of land, and to execute and deliver deed free of encumbrances, receives part of purchase money, wife is present when contract executed and makes no claim to land, and he afterwards executes to wife and daughter deed for part of land, to pay wife for funds advanced to pay mortgage on land, but without consideration as to daughter, the purchaser is entitled to specific performance upon offer to comply and ability to do so, wife should be paid money advanced by her on mortgage debt, deed to wife and daughter cancelled, and if wife decline to renounce dower, the value of her contingent right should be retained by purchaser.

Before J. P. CAREY, special Judge, Greenwood, January, 1904. Affirmed.

Action by J. D. Payne against W. D. Melton, Sarah D. Melton and Tallulah Melton. From Circuit decree, defendants appeal.

The Circuit decree is as follows:

"This is an action for specific performance of a contract, dated the 2d day of April, 1902, by the terms of which the defendant, W. D. Melton, bound himself and his heirs to make a good and sufficient title to the plaintiff for a certain tract of land therein described. The case was referred to the master, and upon the coming in of his report and exceptions thereto, was heard by me at the November, 1903, term of the Court of Common Pleas for Greenwood County. The contract in question acknowledges the receipt of one hundred dollars in part payment of said land, and provides for the payment of five hundred dollars to be paid on or before the first day of December, 1902, and the balance of the purchase price to be paid on January the first, 1903, at which time a deed to the land was to be made free of all incumbrances and liens. The purchase price of said lands is fixed in the agreement at two thousand five hundred dollars, based upon an estimate of one hundred and eighty and

one-half acres, and provides that said price be proportionately more or less, according to the actual number of acres. It is also sought in this action on the part of the plaintiff to have a deed made on the 4th day of September, 1902, by the defendant, W. D. Melton, to his wife, Sarah D. Melton, and his daughter, Mary Tallulah Melton, for one hundred acres of land mentioned in the agreement to convey, declared null and void, because it is without consideration and was made in fraud of the rights of the plaintiff. The questions in the case, therefore, are:

"First. Is the plaintiff entitled to specific performance of the contract dated April the 2d, 1902?

"Second. Should the deed of September the 4th, 1902, be declared null and void and cancelled of record?

"Third. Is the plaintiff entitled to specific performance, and if the wife of W. D. Melton refuses to renounce her dower to the land, what provision should be made to protect the plaintiff's rights as to her inchoate right of dower?

"I think the plaintiff is entitled to specific performance of the contract in question. I am satisfied from the testimony that the defendant, W. D. Melton, was the owner in fee of the tract of land described in said contract of April the 2d, 1902, and that the contract to convey was duly entered into on that day, and is binding on the parties thereto, and has never been revoked. I am also satisfied that the one hundred dollars mentioned in said contract was paid by the plaintiff to H. M. Graham, the agent of the said W. D. Melton, who had authority to receive the same. This payment was made after the title was examined and the contract was delivered to the plaintiff by Mr. Graham, agent of W. D. Melton. The evidence does not satisfy me that W. D. Melton directed Mr. Graham not to deliver the receipt to Mrs. Payne, but to the contrary. The testimony in this case satisfies me that the plaintiff has performed, or offered to perform, her part of the contract. It was not necessary for her to actually tender the money due December the 1st, 1902, as the defendant, W. D. Melton, was resisting performance on his part,

refused to make the survey, and stated repeatedly that he would not make the title. The plaintiff avers her willingness to comply with said contract and her ability to do so, and I think this is true. I hold, therefore, that the plaintiff is entitled to specific performance of the contract in question.

"As to the second question, I think the deed made by the defendant, W. D. Melton, to his wife, Sarah D. Melton, and his daughter, Mary Tallulah Melton, on the 4th day of September, 1902, should be declared null and void and ordered cancelled. In the first place, the testimony satisfies me that she knew the day her husband signed the contract to convey, that he was entering into a contract to sell the land. Mr. Graham says that she was present while the matter was being discussed, and he thinks the receipt was signed in her presence. He also says she claimed no interest in the land. Mr. Mott Payne says that Mrs. Melton came in about the time the paper was signed and claimed no interest in the land, and asked Mr. Melton not to sell the place. Mr. W. D. Melton says that he told Graham and Mott Payne there was a mortgage on the place and that Mrs. Melton had an interest, but that he did not tell them what her interest was, as they did not ask him. At this very time he signed a paper which carried on its face the representation that the land was his, and if his, she had no interest. This was certainly not notice that his wife had any such interest in the land as would prevent him from selling it. Besides, the mortgage which he said was over the land was hers, and she did have an inchoate right of dower in the land. Mrs. Melton herself says she was asked to sign this receipt, but declined. She must have known its contents. After this notice of the contract to convey on her part and her failure to set up any claim to the land which would prevent her husband from selling the land, I do not think she can now assert such claim, and, therefore, her deed cannot avail her.

"In the second place, I am satisfied under the testimony that the purpose of making this deed was to defeat the plaintiff's rights under the contract to convey to her. The de-

fendant, W. D. Melton, was resisting performance on his part, had refused to make the survey, and his wife knew of this resistance on his part. She evidently knew that he had agreed to convey this land to the plaintiff, and did not intend to do so if he could avoid it. I do not think this deed was entered into in good faith and upon valuable consideration, as contended for by the defendants.

"In the third place, the defendant, W. D. Melton, testifies that he agreed with his wife that if she would pay off the mortgage he would convey one hundred acres of the land to her and his daughter, Tallulah, *to secure her.* The deed was, therefore, intended as a security and not as an absolute conveyance, and inasmuch as the master has found that her mortgage debt must be paid, which finding I sustain, she gets under her mortgage exactly what her husband says she was to get under the deed arrangement.

"So far as Mary Tallulah Melton is concerned, there is no pretense whatever that she paid anything for an interest in the land; the deed was purely voluntary, and cannot stand against the plaintiff's rights in this case. I, therefore, think that this deed should be declared null and void and in fraud of the plaintiff's rights, and ordered cancelled, and I so decide.

"As to the last question, that of dower, the defendant, W. D. Melton, agreed to convey to the plaintiff a good and sufficient title, free from incumbrance, and in the event his wife refuses to renounce her dower, the plaintiff must have credit on the purchase price of the land for the value of her inchoate right of dower. The master finds that the plaintiff in this event be allowed to retain one-sixth of the purchase money to settle dower. I overrule this finding of the master, as this is too much. But as there is not sufficient evidence before me to determine the value of the inchoate right of dower, I shall recommit the case to the master to take additional testimony on this question and report to this Court the actual value of this inchoate right of dower."

*Mr. Ellis G. Graydon,* for appellants, cites: *Specific performance will not be decreed against one not able to perform:* Adam's Eq., 80; Ivy on S. P., sec. 977; 39 N. E. R., 703; 2 A. & E. D. in Eq., 524; 13 Rich. Eq., 252. *Plaintiff not being a purchaser for value and without notice, cannot recover:* 23 Ency., 2 ed., 476, 526; 14 S. C., 318; 34 S. C., 559.

*Messrs. Sheppards & Grier,* contra. *Mr. Grier* cites: *Plaintiff is entitled to specific performance:* 14 Am. Dec., 271; 2 Pom. Eq. Jur., 1404; 41 S. C., 349. *Deed without possession to wife is badge of fraud:* 52 S. C., 475; 20 S. C., 231; 3 Pom., 2 ed., 1405. *Claim of dower being an incumbrance, must be provided for:* 67 S. C., 216.

July 8, 1904. The opinion of the Court was delivered by

MR. JUSTICE GARY. The facts of this case are fully set out in the decree of his Honor, the Circuit Judge.

For the reasons stated by him the exceptions are overruled, and the judgment of the Circuit Court affirmed.