## 6526

### WANNAMAKER v. BROWN.

REAL PROPERTY—SPECIFIC PERFORMANCE—DOWER.—Where a husband contracts to sell real property at a full price, free from encumbrances, and wife refuses to renounce dower, it is proper to deduct from purchase price value of inchoate right of dower and require purchaser to give his bond, secured by mortgage on the property, for the amount until such dower right has vested or ceased to exist, interest to be paid husband during life of wife.

Before KLUGH, J., Richland, July, 1906.    Affirmed.

Action by E. J. Wannamaker against Samuel N. Brown. The following is the Circuit decree, omitting the formal judgment:

"The above entitled action for the specific performance of a contract for the sale of real property, with the reservation of a portion of the purchase money, as indemnity against an outstanding incumbrance of an inchoate right of dower, came on to be heard before me, on the pleadings and testimony taken and reported by the master.

"From this testimony, I find as a matter of fact: That on August 31, 1905, the defendant, being the owner of a certain lot of land, described in the complaint, and hereinafter described in this decree, agreed to sell and convey the same to the plaintiff by a good and sufficient deed of conveyance, in consideration of fifty-five hundred dollars—one hundred dollars being paid in cash, and the balance of fifty-four hundred dollars to be paid on or before September 28, 1905, and at the time of said agreement the defendant, through his agents, represented to the plaintiff that there was no outstanding incumbrances (except the city taxes for the current year, which would be adjusted and settled) on the property. That the purchase price was the full value of the property, and the intent of the parties was that the purchaser should get a good and clear title to same, free from incumbrances.

That on September 23, 1905, the plaintiff tendered, and offered to pay, to the defendant the sum of fifty-four hundred dollars, as the balance of the purchase money due under said agreement, and demanded the delivery of a good and sufficient deed of conveyance to said property; whereupon the defendant tendered a deed of conveyance to said property, which contained the usual covenants of warranty against the grantor and all others, but did not have indorsed upon it, nor was it accompanied by a renunciation of the dower right of Mrs. Mary Ann Brown, the wife of the defendant, in said property. The plaintiff refused to accept the deed tendered, on the ground that there was not indorsed upon it, nor was it accompanied by a renunciation of said dower rights; but offered and still offers to accept said deed of conveyance, and pay the balance of the purchase money, if the defendant would consent to a deduction from the purchase money of such amount as might be ascertained by the Courts to be the value of such dower rights, or to the retention by plaintiff of such proportion of the purchase money as might be necessary to indemnify him against the claim of Mary Ann Brown for dower so long as said claim might continue to exist as an incumbrance on said property, the payment of such amount so reserved to be made to the defendant at such time as the incumbrance of the outstanding inchoate right of dower should be removed, and to be secured by a mortgage on the property conveyed. The defendant declined this proposition or to deliver any other deed than that tendered by him, on the ground that his wife refused to renounce dower, and that he was not called upon to give any other indemnity against such claim than that contained in the usual covenant of warranty contained in the deed tendered. The defendant is fifty-seven years of age and his wife fifty-two. If the dower were now accrued it would be one-sixth the value of the property.

"As matter of law, I conclude, under authority of *Payne v. Melton*, 69 S. C., 373, 48 S. E., 277, that an outstanding inchoate right of dower is such an incumbrance as a pur-

5—77

chaser should be protected against.    This protection may be
given either by deducting from the purchase money the
actual value of such inchoate right of dower at the time of
the purchase, as indicated in that, and other cases; or by
providing for a retention of a portion of the purchase money,
secured by a mortgage on the land, until such dower right
has vested, or ceased to exist, as an indemnity against such
outstanding incumbrance.    This latter provision seems to
me more equitable and just than the former, on account of
the difficulty of arriving at the present money value of the
inchoate right, and is in accord with the statutory provis-
ions, Code, sec. 2394, for arriving at the value of, and pro-
tecting the purchaser against, the claim of insane married
women for dower.    As, in that case, the husband, being
entitled to the entire usufruct of the property during the life
of wife, should receive the legal interest on the money so
reserved as indemnity until the dower actually vests."

From this decree defendant appeals.

*Messrs. Barron & Ray* and *D. C. Ray,* for appellant, cite:
18 S. C., 204; 27 S. C., 197; 31 S. C., 565; 2 Pom. Eq.
Rem., sec. 835; 6 Pom. Eq. Jur., sec. 835; 18 N. J. Eq.,
124-128; 44 Ill., 299; 23 Pac., 695; 26 N. J. Eq., 330; 73
Pa. St., 485; 41 Ohio St., 636; 56 N. Y., 12; 37 Am. St.
R., 894; 2 App. D. C., 207; 94 N. C., 304; 98 N. W., 724;
Pom. Spec. Perfm., sec. 462; 2 Warvelle on Vend., 769;
Waterman Spec. Per., sec 511.

*Messrs. DePass & DePass,* contra, cite: Story Eq. Jur.,
secs. 734, 742; 67 S. C., 216; 69 S. C., 373; 2 Strob., 81; 4
Rich. Law, 516; 5 Rich. L., 374; 27 S. C., 123; 3 C. E.
Green., 124; 2 Grant's Case, 103; 12 Mich., 193; 14 Allen,
94, 1; 116 Mass., 90; 4 Rich. L., 374; 4 Mass., 629; 2 N. &
McC., 186; 3 McC., 449; 9 Rich., 378; 4 Kent. Com. L.,
67; Platt on Con. Ch., 2d ed., 4.

May 1, 1907.    The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The facts of this case are set out in the decree of his Honor, the Circuit Judge, which is affirmed for the reasons therein stated.

Appeal dismissed.

MR. JUSTICE WOODS *did not sit in this case because disqualified.*