GASTON DRAKE, *Appellant,* v. EDWARD L. BRADY, AND
JULIA BRADY, HIS WIFE, J. C. HENDERSON, AND E. A.
WADDELL AS AGENT FOR J. C. HENDERSON, *Appellees.*

One purchasing property with notice that the grantor had contract-
ed to convey it to another may be compelled to perform the
contract in the same manner and to the same extent as his
grantor would have been liable to do had he not transferred
the legal title.

This case was decided by the court En Banc.

Appeal from the Circuit Court for Dade county.

The facts in the case are stated in the opinion of the
court.

*Alexander St. Clair-Abrams,* for Appellant.

*Geo. M. Robbins,* for Appellees.

WHITFIELD, C. J.—On May 1, 1905, Gaston Drake
filed in the Circuit Court for Dade county a bill of com-
plaint alleging in effect the purchase by him of certain
described land from J. C. Henderson through his agent,
E. A. Waddell, and the payment to Waddell of the entire
purchase price, the subsequent conveyance of the land
by Henderson to Brady as the result of fraud partici-
pated in by Brady with knowledge of Drake's rights in
the premises.   The prayer is that a trust in favor of com-
plainant be decreed, for a conveyance and accounting to
complainant and for other appropriate relief.   A de-
murrer to the bill of complaint was overruled.   Brady
answered and testimony was taken by an examiner.   The
bill of complaint was dismissed on final hearing and the
complainant appealed.

It appears that the land was owned by J. C. Hender-
son of Troy, Alabama, and is located in the City of
Miami, Florida, and that Brady was a tenant from month
to month and conducted a store in the building on the

land. Henderson, by letter of February 1, 1904, authorized Waddell of Miami to sell the property for $3,000 net. It was offered to Brady by Waddell at the named price. Brady expressed a desire to own it but did not accept the offer. The property was offered to others. Drake agreed to purchase at the stated price, and on December 3rd, 1904, paid Waddell $100 to bind the sale. Henderson was that day notified by wire of the sale and of the payment of $100 thereon. This was confirmed two days later by letter enclosing a deed to be executed by Henderson to Drake. On December 13, 1904, Drake paid Waddell $2,900 in full for the property taking a receipt, stating the sale of the particular land to him. Brady heard of the sale on December 8th, and endeavored to procure a deed to the property for himself. He had been in communication with Henderson as to the purchase of the property, but had not agreed to take it. After hearing of the sale made to Waddell, as Henderson's agent, Brady visited Henderson at Troy and paid $3,500 for a deed to the property. Henderson sent a deed with authority to fill in the name and to deliver either to Brady or Drake as Waddell may determine, but recalled the deed before delivery, and afterwards sent one deed to be delivered to Brady on condition that he would enter into a written contract to hold Henderson harmless against any claim by Drake, and one deed to be delivered to Drake if Brady did not execute the contract. Brady declined to enter into the contract and could not get the deed to him. Drake regarded the deed to him as being not a full warranty deed and asked for time to examine the title. This was refused and the deeds were returned to Henderson about December 28th, 1904. Counsel for Drake prepared a deed and forwarded it to Henderson for execution, but it was not executed. On January 10th, 1905, Drake wired Hender-

son's attorney in Troy, Alabama, to return the deed he had previously declined, stating that the full purchase price had been paid nearly a month before.  On January 13th, 1905, a deed conveying the property dated December 10th, 1904, was delivered to Brady at Miami, the deed containing a qualification of the warranty as follows: "except as to any claim which may be set up against said property by Gaston Drake."

The agreement of Drake to purchase the property and the payment of $100 to Henderson's authorized agent to bind the sale, and the subsequent payment to the agent of the full purchase price gave Drake a right to a conveyance of the property, and as Brady took title from Henderson with full knowledge of Drake's rights and with an express reservation of Drake's claim against the property, Brady is bound to comply with Drake's demands within his rights.  Brady stands in Henderson's place and holds the legal title subject to Drake's equity. Drake's failure to take the deed offered to him was not under the circumstances an abandonment of his rights to a conveyance of the property.  Drake admits that when he paid the purchase price he "was satisfied with the title," but that was two weeks before; and in view of the unusual verbiage of the deed Drake was clearly entitled to a reasonable time to examine the deed and Henderson's title, particularly as Henderson's agent had receipted for the full purchase price two weeks before.  The deed was really a full warranty conveyance and upon examination Drake asked for it to be returned to him.  This was reasonable under the circumstances and should have been complied with.  If Brady had any equities they were not superior to Drake's and Brady took title with full knowledge of and expressly subject to the rights and claims of Drake in the property.

One purchasing property with notice that the grantor

had contracted to convey it to another may be compelled to perform the contract in the same manner and to the same extent as his grantor would have been liable to do had he not transferred the legal title.    Wilkins v. Somerville, 80 Vt. 48, 66 Atl. 'Rep. 893, 11 L. R. A. (N. S.) 1183.

The decree is reversed and the cause is remanded with directions to enter  a decree in accordance with the principles herein announced.

TAYLOR, COCKRELL and HOCKER, JJ., concur.

SHACKLEFORD, J., dissents.

PARKHILL, J., absent on account of illness.