DRAKE LUMBER COMPANY, A CORPORATION, *Appellant,* v. H. P. BRANNING, AS ADMINISTRATOR *ad litem* OF THE ESTATE OF EARNEST L. MAULL, DECEASED, *Appellees.*

Opinion Filed January 6, 1914.

1. An enforcement by a court of equity of the specific performance of contracts for the sale of land or of timber growing thereon, is not a matter of absolute right; but specific performance of such contracts may be enforced by the court in the exercise of its judicial discretion which is controlled by settled principles of law and equity that are applicable to the particular facts in each case.

2. Where real estate is purchased with notice or knowledge that the grantor was obligated to convey it to another, the purchaser in the absence of a counter-vailing equity, may be com-

pelled to perform the obligation to convey in the same manner and to the same extent that his grantor would have been liable to do had he not transferred the legal title.

3. Where a bill of complaint states any equity for relief the bill should not be dismissed *sua sponte*.

Appealed from the Circuit Court, Dade County; L. W. Bethel, Judge.

Decree affirmed in part.

Decree reversed in part.

*Shutts, Smith & Bowen,* for Appellant;

*Price & Bailey,* for Appellees.

WHITFIELD, J.—This appeal is from a decree sustaining a demurrer to a bill of complaint and dismissing the bill brought by Drake Lumber Company seeking the enforcement of a specific performance by the administrator *ad litem* of a contract for the sale of growing timber made by Ernest L. Maull, deceased. The contract is as follows: "Received of Drake Lumber Co. ($240.00) Two Hundred and Forty and no/100 Dollars payment in full for all the timber on 80 acres of my land described as follows: W. ½ of the N. W. ¼ of Sec. 4, Tp. 56, S. of R. 39, and deed of which I will make to them at any time they require same.

(Signed)    ERNEST L. MAULL."

The bill of complaint alleges that the contract was made on May 10, 1907, the consideration of $240.00 being paid in full; that on September 10, 1909, Ernest L. Maull died intestate without executing the conveyance; that on April

4, 1910, S. B. Wright, Jr., was appointed and qualified as administrator of the estate of Ernest L. Maull, deceased, and proceeded to wind up its affairs; that under the statutes of Florida "an administrator is authorized and compelled to execute deeds to property, contracts of sale for which have been made prior to the death of administrator's intestate;" "that S. B. Wright, Jr., as administrator did not perform his duty in that behalf, and did not execute such deed;" "that on the 29th day of April, 1910, the said S. B. Wright, Jr., having filed his final report as administrator, was duly discharged as such administrator, and that said discharge was improper in law so long as your orator's contract of sale had not been terminated by a deed, and that it was improper to close said estate until such conveyance was executed and delivered;" that on March 22, 1910, one George L. Maull, representing himself to be the father and sole heir of Ernest L. Maull, deceased, did execute and deliver to the said S. B. Wright, Jr., as trustee, a deed conveying the land and timber, and that subsequent to said deed the said S. B. Wright, Jr., as trustee, conveyed the same property to G. M. Weeks; that the conveyance from George L. Maull to S. B. Wright, Jr., as trustee, was charged with the trust to convey to complainant said timber, and said conveyance was subject to all the rights of complainant; that said conveyance was made before the appointment of an administrator of said estate and before complainant had an opportunity to make demand for a conveyance in accordance with its contract, and complainant charges that said S. B. Wright, Jr., "took the said property with full notice of your orator's rights, either actual or constructive and that said G. M. Weeks, one of the defendants, purchased said property with full knowledge of your orator's rights to a conveyance of said

timber and charged with all its rights thereto;" that subsequent to the discharge of S. B. Wright, Jr., as administrator, complainant applied to the county judge's court for an order appointing an administrator *ad litem* of the estate of Ernest L. Maull, deceased, in order to fully complete the administration of said estate; that H. P. Branning was appointed "administrator *ad litem* to do and perform such matters and things in connection with the said estate that might be ordered by the county judge's court or any other court of competent jurisdiction, in order to fully complete the administration of said estate; that demand has been made upon the said G. M. Weeks to recover the timber to which complainant is rightfully entitled, and said G. M. Weeks has refused so to do; that demand has been made upon the said H. P. Branning to execute a deed for said timber in order to fully complete the administration of said estate, and that said H. P. Branning refuses so to do for the reason that he prefers that said deed be ordered by a court of competent jurisdiction; that complainant is the owner of the timber, has paid for the same in full, and "is rightfully entitled to receive a deed from the administrator *ad litem* to said property." The prayer is for a decree "requiring the said defendant, H. P. Branning, as administrator *ad litem* of the estate of Ernest L. Maull, deceased, to make, execute and deliver to your orator a good and sufficient conveyance to the above described timber, in accordance with said contract of sale."

An enforcement by a court of equity of the specific performance of contracts for the sale of land or of timber growing thereon, is not a matter of absolute right; but specific performance of such contracts may be enforced by the court in the exercise of its judicial discretion which is controlled by settled principles of law and equity that

are applicable to the particular facts in each case. See Gaskin v. Byrd, decided at this term; L'Engle v. Overstreet, 61 Fla. 653, 55 South. Rep. 381; Stuart v. Pennis, 91 Va. 688, 22 S. E. Rep. 509; Marthinson v. King, 150 Fed. Rep. 48; St. Regis Paper Co. v. Santa Clara Lumber Co., 173 N. Y. 149, 65 N. E. Rep. 967; 36 Cyc. 554. The Chancellor did not violate the provisions of law and principles of equity applicable to the peculiar facts alleged, in sustaining the demurrer to the bill of complaint in so far as the bill seeks specific performance by the administrator *ad litem*.

The statute, Section 2431, Gen. Stats. of 1906, authorizes the administrator to convey the title of the decedent vendor that descended to his heirs, to the vendee pursuant to a contract for the sale of real estate that is binding on the decedent; but the statute does not contemplate the exercise of such authority by the administrator after the title has passed by a conveyance from the decedent's heirs to third parties. In such cases the title being in third persons the administrator as such cannot pass the title held by others than the heirs of the decedent; therefore the only relief prayed, being against the administrator could not be granted. The administrator of the estate was appointed and finally discharged within a month, which is at least peculiar. The title to the land, however, had already passed to the same person as trustee, with notice of complainant's rights, and he conveyed the title to the defendant with full knowledge of complainant's rights. No relief is prayed against the holder of the legal title through a conveyance from the sole heir of the decedent, though such holder is one of the defendants. The bill was dismissed on the ground of laches.

If equity is stated against the defendant G. M. Weeks, who is alleged to be the holder of the legal title, and to

have acquired it with full knowledge of the complainant's. rights, the bill of complaint should not have been dismissed, as no such laches appear as will bar the right of the complainant to appropriate relief under the facts alleged. ·.

Where real estate is purchased with notice or knowledge that the grantor was obligated to convey it to another, the purchaser in the absence of a counterveiling equity, may be compelled to perform the obligation to convey in the same manner and to same extent that his grantor would have been liable to do had he not transferred the legal title. See Drake v. Brady, 57 Fla. 393, 48 South. Rep. 978.

It is alleged that within seven months after the death of Ernest L. Maull, who before his death contracted to convey to complainant the timber on decedent's land, the sole heir of the decedent conveyed the land and timber to S. B. Wright, Jr., as trustee; that the trustee conveyed to G. M. Weeks; that S. B. Wright, Jr., "took the said property with full notice of your orator's rights, *either actual or constructive,* and that said G. M. Weeks, one of the defendants, purchased said property with full knowledge of your orator's rights to a conveyance of said timber and charged with all its rights thereto." These allegations are not entirely comprehensive and specific, but it is not clear that they may not be the basis for equitable relief against the holder of the legal title, when considered in connection with the payment in full of the purchase price. This would justify the retention of the bill of complaint for amendment and appropriate proceedings thereunder if the complainant so desires. See DeLong v. Marshall, decided at this term. The allegation as to notice should not be in the alternative. The prayer seeks relief only against the administrator *ad litem.*

In so far as the decree sustains the demurrer to the provisions of the bill seeking relief against the administrator *ad litem,* it is affirmed; but the decree dismissing the bill of complaint is reversed at the cost of the appellant.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.