# DECISIONS

OF THE

# Supreme Court of Florida

## JUNE TERM, A. D. 1922.

THOMAS J. HANNAN, *Appellant*, v L. G. HOLZ AND FRANCES A. HOLZ, HIS WIFE, AND JAMES A. O'CONNOR, *Appellees.*

Opinion Filed June 20, 1922.

1.  One purchasing property with notice that the grantor had contracted to convey it to another may be compelled to perform the contract in the same manner and to the same extent as his grantor would have been liable to do had he not transferred the legal title.

2.  Where H. agrees in writing under seal to convey land to M. for himself or as agent for others to be thereafter designated, and M. designates the person he represented in making the contract to purchase, and H. and his wife executed a conveyance of the land and delivered it to another for delivery to the purchaser pursuant to the contract, but the grantors recalled the deed of conveyance executed for delivery pursuant to the contract, and conveyed the land to O., who had full knowledge of the contract, upon appropriate proceedings O. may be required to convey the land to the party entitled to it under the contract.

An Appeal from the Circuit Court for Dade County; H. Pierre Branning, Judge.

Reversed.

*Benson & Shipp, Rose, Brown, Twyman & Scott* and *Shipp & Kline,* for Appellant;

*Shutts & Bowen,* for Appellees.

WHITFIELD, J.—It appears by the second amended bill herein that on March 9, 1920, by a writing under seal L. G. Holz agreed to sell and George E. Merrick agreed "to buy for himself or as agent for certain other parties to be hereafter designated," described real estate, on stated terms and prices, $1,000.00 being paid on the purchase price; that on March 15, 1920, George E. Merrick and Thomas J. Hannan executed an instrument under seal in which it is stated that Merrick purchased the described property from Holtz "as agent for Thomas J. Hannan" and that "The said George E. Merrick by these presents does hereby certify and declare that on the 9th day of March, 1920, at the time of the execution and delivery of the above mentioned agreement, he was the agent of one Thomas J. Hannan and that he executed said agreement with the said L. G. Holz as the agent of and for the said Thomas J. Hannan and he, the said George E. Merrick, does by these presents designate the said Thomas J. Hannan as the purchaser of the certain lands above described in accordance with said agreement executed March 9th, 1920 as aforesaid.

"And the said Thomas J. Hannan does hereby join in these presents for the purpose of ratifying and confirming all the acts heretofore done by the said George E. Merrick as his agent and for the purpose of accepting, ratifying and confirming all the terms of the said agreement executed between the said George E. Merrick and the said L. G. Holz on the said 9th day of March, A. D. 1920, as hereinbefore mentioned." The purchase was to be com-

pleted within thirty days by paying $14,000.00, and giving mortgage for $15,000.00.　The Fidelity Bank and Trust Company of Miami, Florida was designated as the place for the delivery of the deed.

It is alleged: "That thereafter, about the 15th day of March, A. D. 1920, the said defendants, L. G. Holz and Frances A. Holz, executed a good and sufficient warranty deed of conveyance for the purpose of conveying the above described property to the said George E. Merrick pursuant to the terms of the above recited contract; that the said L. G. Holz delivered the said deed to one Frank J. Powers of the city of Miami, Florida, for delivery to said Merrick at such time as the transaction with the said George E. Merrick should be consummated in accordance with its terms; that thereafter, but within the period of time allowed by the terms of said contract for its performance by the said George E. Merrick or by such person or persons as he might designate, the said L. G. Holz, in the belief that he could obtain a greater purchase price from the said George E. Merrick for the said property, consulted a practicing attorney, one W. I. Evans as to how he could obtain a greater purchase price for the above described property from the said George E. Merrick or such person or persons as the said George E. Merrick might designate, and the said W. I. Evans did then and there advise the said L. G. Holz to represent unto the said George E. Merrick that his, the said L. G. Holtz's wife, would not sign the deed of conveyance to the above described property notwithstanding the fact that said W. I. Evans and the said L. G. Holz were acting thoroughly within the knowledge that both the said L. G. Holz and his wife, Frances A. Holz, the defendants, had theretofore executed a warranty deed of conveyance in proper form for the purpose of conveying the said property to the said George E. Merrick, and that

the said deed' of conveyance was in the possession of the said Frank J. Powers for delivery to the said George E. Merrick, and the said W. I. Evans did further advise the said L. G. Holz to represent unto the said George E. Merrick that if his wife, the said Frances A. Holz, were paid the sum of Five thousand dollars ($5,000) in addition to the purchase price as agreed upon by the terms of the contract as hereinbefore set forth, then his, the said L. G. Holz' wife, would execute and deliver the said deed of conveyance; and the said defendant, L. G. Holz, acting upon the advice of said attorney W. I. Evans, did thereafter represent unto the said George E. Merrick that he was willing to perform his said agreement, but this his wife would not, and could not, perform the terms of said contract until such time as the said George E. Merrick would pay unto her, the said Frances A. Holz, the sum of Five thousand dollars ($5,000) in addition to the purchase price as .set forth in the said contract for the purchase of the hereinbefore described property, and did further represent that his wife, the said Frances A. Holz, would not execute a warranty deed of conveyance to the said property unless she received the sum of five thousand ($5,000) dollars from him, the said George E. Merrick, all of which false representations were made within the full knowledge that the said Frances A. Holz had a considerable time prior thereto executed her warranty deed of conveyance to the above described property and that the same was in the hands of the said Frank J. Powers for delivery to the said George E. Merrick upon the consummation of the transaction as hereinbefore set forth; but notwithstanding the demand made upon him for the further payment of five thousand ($5,000) dollars by the said L. G. Holz, as aforementioned, the said George E. Merrick did then and there refuse to

to pay to said L. G. Holz for Frances A. Holz, his wife, the sum of five thousand ($5,000) dollars.

"That thereafter, the said L. G. Holz, acting under the advice of the said W. I. Evans, and in connivance with him, did prevent the delivery of the said warranty deed of conveyance theretofore executed by the said Frances A. Holz for the purpose of performing the contract as entered into between the said George E. Merrick and the said L. G. Holz, on the 9th day of March, A. D. 1920, by preventing the consummation of the said agreement with the said George E. Merrick, by the making of the false representations as in the preceding paragraph hereof are set forth.

"That the said Frances A. Holz did execute a warranty deed of conveyance and did in fact intend and did deliver the same to the said Frank J. Powers as aforseaid, for delivery to the said George E. Merrick at such time as the said George E. Merrick · should fully complete the performance of his contract as hereinbefore set forth; but not withstanding such delivery by the said Frances A. Holz, the defendant L. G. Holz, and the said Attorney W. I. Evans, did prevent the delivery of the said warranty deed on behalf of the said Frances A. Holz to the said Merrick, by instructing the said Frank J. Powers not to make delivery of the said warranty deed in any event, regardless whether or not the said George E. Merrick should consummate and fully perform his said agreement as hereinbefore mentioned.

"Your orator represents also unto the court that the said warranty deed of conveyance executed by the said L. G. Holz and Frances A. Holz has, since the 9th day of April, A. D. 1920, been returned by the said Frank J. Powers to the respondent, L. G. Holz.

"And your orator further represents that the said L.

G. Holz and Frances A. Holz, acting by and through the said W. I. Evans did, on or about the twentieth day of March, A. D. 1920, tender to the Fidelity Bank and Trust Company of the City of Miami, Florida, the warranty deed of conveyance heretofore mentioned and executed by both the said L. G. Holz and Frances A. Holz for the purpose of performing the said agreement with the said George E. Merrick, as thereby provided; that approximately one hour before making of said tender by the said W. I. Evans to the Fidelity Bank and Trust Company of Miami, the said W. I. Evans did inquire of agents of the said George E. Merrick as to whether or not the said George E. Merrick was in the City of Miami, which inquiry developed the fact for the said W. I. Evans that the said George E. Merrick was not in the City of Miami at that time; whereupon he, the said W. I. Evans, knowing the said George E. Merrick to be out of the City, did forwith make tender of the said warranty deed to the Fidelity Bank and Trust Company of the City of Miami, Florida, as hereinbefore set forth; that the said W. I. Evans, immediately prior to the making of said tender and not to exceed a period of one hour prior thereto, did represent unto an agent and representative of the said George E. Merrick that said Frances Holz had not executed the said warranty deed of conveyance and would not execute the same unless she, the said Frances A. Holz, were paid the sum of five thousand dollars ($5,000): but notwithstanding such false representations the said W. I. Evans did nevertheless make the tender of the warranty deed executed by both the said L. G. Holz and Frances A. Holz; that the said tender by the defendants, acting by and through their said attorney, W. I. Evans, was not kept-good until the expiration of the thirty day period as provided for by the said

contract for its performance by the said George E. Merrick or such person or persons as he might have designated.

"That the twentieth day of March, A. D. 1920, your orator tendered the sum of fourteen thousand ($14,000) dollars in legal tender of the United States of America to the Fidelity Bank and Trust Company of Miami, Florida, which was by the said agreement entered into on the ninth day of March, A. D. 1920, by and between the defendant, L. G. Holz and the said George E. Merrick designated as the place where the moneys payable by the said George E. Merrick or such person or persons as he might designate, were to be paid in accordance with the said agreement, and did then and there also tender to the said Fidelity Bank and Trust Company a mortgage and promissory notes duly signed and executed in proper form by your orator, as provided for in said agreement; that your orator did also, on the same day, immediately after making the said tender to the said Fidelity Bank and Trust Compny, make tender of the said sum of fourteen thousand ($14,000) dollars in legal tender of the United States of America, and of the said mortgage and promissory notes as provided for by the said contract, unto the said W. I. Evans, then and there acting as attorney for the said defendant, L. G. Holz, and then and there presuming to act as attorney for the said Frances A. Holz.

"And your orator further represents that acceptance of the said tender to the Fidelity Bank and Trust Company was refused by the said Fidelity Bank and Trust Company for the reason that the said Fidelity Bank and Trust Company did not have in its possession the warranty deed of conveyance theretofore executed by the said L. G. Holz and Frances A. Holz, as provided for by the said agreement with the said George E. Merrick. And the acceptance of

the said tender was also refused by the said W. I. Evans who did then and there represent that the said Frances A. Holz had not signed and executed the warranty deed of conveyance as provided for by the said agreement."

Subsequently Holz and wife conveyed the property to James A. O'Connor with full knowledge on the part of O'Connor of the aforesaid contract to sell the same land. Hannan seeks specific performance at the hands of O'Connor. The court sustained general demurrers to and dismissed the second amended bill of complaint. An appeal was taken.

One purchasing property with notice that the grantor had contracted to convey it to another may be compelled to perform the contract in the same manner and to the same extent as his grantor would have been liable to do had he not transferred the legal title. Drake v. Brady, 57 Fla. 393, 48 South. Rep. 978; Drake Lumber Co. v Branning, 66 Fla. 543, 64 South, Rep. 263.

The contract to convey contemplated a conveyance to Merrick or to another to be designated by him. Merrick designated Hannan as the party for whom he was acting, and Hannan ratified the contract. Hannan's right to enforce the contract grows out of the terms of the contract made by Merrick and Holz. The joinder of Mrs. Holz in the deed of conveyance executed to be delivered to Merrick pursuant to the contract between L. G. Holz and Merrick, as alleged in the bill of complaint and admitted by the demurrers, shows her joinder in due form in the sale to Merrick, and her joining in the conveyance to O'Connor enables the latter to make a full conveyance to Hannan, even though Mrs. Holz did not join in the contract to convey made between Holz and Merrick. Mrs. Holz ratified the contract by joining her husband in executing a deed to be

delivered to Merrick *pursuant to the contract.*    No countervailing equity appears as between Hannan and O'Connor.

Reversed.

BROWNE, C. J. AND TAYLOR, ELLIS AND WEST, J. J., concur.