J. A. DEKLE, *Appellant,* v. J. J. NOONE, AND MRS. J. J. NOONE AND PETER D. MITCHELL AND MARIE MITCHELL, *Appellees.*

Opinion Filed January 9, 1928.

*McCollum & Howell,* of Jacksonville, for Appellant;

*John W. Dodge,* for Appellees.

Koonce, Circuit Judge:

The appellant filed his bill of complaint alleging that the defendant Noone being the owner of certain real estate agreed to sell the same to complainant, and complainant agreed to buy the same for a cash payment of Five hundred dollars, the balance of one thousand two hundred and thirty-five dollars to be paid when Noone furnished abstract of title showing merchantable title, two hundred and ninety-four dollars and forty cents of this balance to be paid by complainant assuming an indebtedness of Noone to the Dekle Lumber Company, a corporation, for material and supplies furnished in the construction of a building on the premises, and Nine hundred and forty and 60/100 dollars to be paid in cash upon the execution and delivery of good and sufficient deed conveying the premises to the complainant. The five hundred dollars being paid the property was delivered to the complainant, a building being then in course of construction thereon, and the bill alleges that "from thence hitherto your orator has continuously remained and still is, in such possession, custody and control and management of the said premises and the said building." The bill further alleges that "Your orator has laid out, expended and become obligated to the said Dekle Lumber Company, a corporation, for and in the amount of Eight hundred and ninety-four dollars and sixty-five cents for materials and supplies furnished by it for, and used in, the construction of said building." The bill further alleges, being paragraph 5 of the bill, as follows:

"Your orator further alleges that the said J. J. Noone has not complied with, or performed, any portion of his agreement for the sale by him to your orator of the said premises, and has not secured and delivered to your orator any abstracts of title to said premises, and has failed and refused,

and still fails and refuses, to secure and deliver such abstracts, and has declined and refused, and still fails and refuses, to consummate the sale of said premises to your orator. And on, to-wit, the 6th day of February, 1926, the said J. J. Noone has executed and delivered to the defendant Peter D. Mitchell the fee simple title, estate, interest, lien or claim in or to the said premises, thus acquired by said Peter D. Mitchell, was created and arose while the aforesaid construction of the building upon said premises was in progress. And your orator alleges further that prior to the execution and delivery of the said deed by the said J. J. Noone to the said Peter D. Mitchell, and before the acceptance by the said Peter D. Mitchell, thereof, he, the said Peter D. Mitchell, was informed and advised, and had actual notice, of your orator's claim in and lien upon said premises, to the extent of the several sums of money laid out, expended and assumed by your orator in respect as aforesaid.''

The paragraph is quoted in full because it is the gist of the statement of the complainant's cause of action and the basis of the relief sought. Upon this statement of facts the complainant prays for a cancellation and recission of the contract of purchase and sale between him and the defendant Noone, an accounting to be taken, a return to him of the Five hundred dollars cash payment and the indebtedness assumed by him to the Dekle Lumber Company owing by Noone at the time of the contract, and also the amount expended in the further improvement and construction of the building, for which he prays the court decree he have a lien upon the property; that Noone be required to pay said sums and that in default thereof the property be sold according to the usual course of foreclosure of liens.

Demurrer to the original bill having been filed by the defendant Mitchells, and such demurrer being sustained by

the Circuit Judge, the complainant filed his amended bill in practically the same language, merely emphasizing the allegations that at the time of the conveyance to Mitchell by Noone the complainant was then in the actual possession of the premises and that Mitchell had actual knowledge of the transactions between him and Noone and of the fact that he was then continuing the construction of the building for which he claimed a lien. Demurrer to the amended bill being also sustained a further amedment was filed by the addition of paragraph 5-A as follows:

"5-A Your orator further alleges that promptly, on to-wit, February 8, 1926, upon ascertaining that the said J. J. Noone had executed and delivered to the defendant Peter D. Mitchell, the aforesaid deed of conveyance, purporting to convey the aforesaid premises to the said Peter D. Mitchell, your orator sought, and obtained, an interview with the said Peter D. Mitchell for the purpose of discussing and attempting to adjust their conflicting claim to the said premises; but that then and there the said Peter D. Mitchell denied that your orator had any right or interest in or to said property, and repudiated your orator's suggestion then and there submitted to him that your orator was at least entitled to a re-payment of the moneys theretofore paid and agreed to be paid by your orator in respect of said premises as hereinbefore alleged, and then and there declared and avowed his purpose and intention to hold and retain the said premises by virtue of his said deed absolutely as his own property without reference to any of the hereinbefore alleged dealings and transactions between your orator and the defendant Noone."

A demurrer to the amended bill as so further amended was likewise sustained and the complainant failing to further amend within the time allowed by the court in due course the cause was dismissed by the decree of the court.

From the orders sustaining the three demurrers and the order and decree dismissing the bill the complainant appeals, assigning such orders as error. The entire controversy can be determined by consideration of the demurrer to the amended bill, as further amended.

Except by the inferences which may be drawn from the statement in paragraph 5 quoted above that the defendant Noone refused to consummate the sale to the complainant is there any suggestion that the complainant ever at any time made a tender to the defendants, or either of them, of the balance to be paid on the contract or agreement between him and Noone, or that he ever demanded an abstract of title, or deed of conveyance, or made any offer to perform his contract, but the bill by said paragraph 5 evidences the manner of refusal by Noone to have been merely by his conveyance of the property to Mitchell. Paragraph 5-A sets out in full the propositions made by the complainant to the defendant Mitchell, and it is to be observed that this proposition strictly avoided any offer to carry out the complainant's part of the original contract of purchase and sale made between complainant and Noone. In fact the sole purpose of the complainant seems to be to rescind and cancel the contract and claim lien for money paid and debts assumed. Nowhere in the bill does the complainant aver that he ever offered to restore the parties to their original conditions by delivering possession of the property, nor does the bill itself make any such offer. Retaining possession of the premises the complainant yet seeks to have a lien declared in his favor for advances and improvements. More than eight hundred dollars of the amount claimed for construction of the building was after the possession was delivered to the complainant upon his agreement to purchase and this further construction was not authorized by any act of either of the

defendants, except their silent acquiescence. This failure to object on the part of the defendants might well be attributed to the idea that they regarded the property as that of the complainant, when he should comply with the terms of the contract of purchase and sale, and were therefore not concerned about the improvements being made by him. There are many instances where upon recission of contract for purchase a decree may be entered against the defendant not only to return the money advanced under the contract but also to require him to stand for the improvements made upon the property while in possession of the prospective purchaser. On the other hand it is easy to imagine cases where to enforce such rule might amount to confiscation of the vendor's property, for instance where the prospective purchaser made improvements beyond the ability of the vendor to pay and of a nature he would not desire and could not afford. The mere conveyance by Noone to Mitchell did not render the performance of the verbal contract between the complainant and Noone impossible of performance. This Court has said in the case of Drake v. Brady, 57 Fla. 393, 48 So. 978: ''One purchasing property with notice that the grantor had contracted to convey it to another may be compelled to perform the contract in the same manner and to the same extent as his grantor would have been liable to do, had he not transferred the legal title.'' See also Tate v. Pensacola, Gulf, Land and Development Company, 37 Fla. 439, 20 So. 542. In other words the defendant Mitchell by accepting the conveyance from Noone was merely substituted for Noone.

Where a person has contracted to purchase real estate and upon payment of a first installment has been placed in possession of the premises under a verbal agreement on the part of the owner to convey upon the completion of

payments of balance of purchase price, and such vendor shortly thereafter conveys the property to another person who takes title charged with notice of the verbal agreement to sell to the first mentioned party and such person, so contracting to purchase after being placed in possession of the premises continues to expend money thereon in construction of a building and such person seeks by bill in equity to rescind and cancel the original verbal agreement of purchase and sale and have a lien declared upon the premises; and there is no allegation in the bill of complaint that the complainant offered to perform his part of the agreement, no allegation of tender of balance due on purchase price, or demand for deed, and no showing made of the inability of the defendants to carry out the terms of the original verbal contract, no averment in the bill that the complainant ever offered to restore the parties to their former status and no offer in the bill so to do, a demurrer to such bill is properly sustained.

Such being the facts stated in this cause the order of the chancellor sustaining the several demurrers and the final decree dismissing the cause was proper.

The decree of the Circuit Court is affirmed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the order and decree of the Circuit Court in this cause be, and the same are hereby, affirmed.

ELLIS, C. J., AND WHITFIELD, TERRELL AND BUFORD, J. J., concur.