H. B. GASKINS, *et al., Appellants,* v. RELLA BYRD, *Appellee.*

Opinion Filed December 2, 1913.

1. Applications for the enforcement of specific performance of a contract for the sale of real estate are addressed to the sound judicial discretion of the chancellor. Such discretion is controlled by the provisions and principles of law and equity applicable to the particular facts and circumstances; and unless it clearly appears that the chancellor has erred in his decree in refusing a specific performance, it will not be disturbed on appeal.

2. Contracts for the sale of real estate will not be specifically enforced where the particular facts and circumstances clearly show inequality of the contracting parties by reason of the inexperience and lack of information of one party with reference to the subject-matter as compared with the superior business qualities and information of the other party, resulting in a contract based on manifestly inadequate consideration the enforcement of which would be inequitable and unjust.

Appealed from Circuit Court of Calhoun County; D. J. Jones, Judge.

Decree affirmed.

*C. L. Wilson,* for Appellants;

*Smith & Davis,* for Appellee.

WHITFIELD, J.—The appellants brought suit to enforce the specific performance of a contract for the sale of real estate. The court dismissed the bill of complaint.

Applications for the enforcement of specific performance of a contract for the sale of real estate are addressed to the sound judicial discretion of the chancellor. Such discretion is controlled by the provisions and principles of law and equity applicable to the particular facts and circumstances; and unless it clearly appears that the chancellor has erred in his decree in refusing a specific performance, it will not be disturbed on appeal.

Contracts for the sale of real estate will not be specifically enforced where the particular facts and circumstances clearly show inequality of the contracting parties by reason of the inexperience and lack of information of one party with reference to the subject-matter as com-

pared with the superior business qualities and information of the other party, resulting in a contract based on manifestly inadequate consideration the enforcement of which would be inequitable and unjust.

There is ample evidence to sustain the action of the chancellor. in refusing specific performance of the contract, and the decree is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND· HOCKER, J. J., concur.