JAMES  H.  MURPHY,  *Appellant,*  v.  EMMETT  HOHNE,
*Appellee.*

Opinion Filed March 31, 1917.

Petition for Rehearing Denied April 19, 1917.

1.  Applications for the enforcement of specific performance of
    contracts for the sale of real estate are addressed to the sound
    judicial discretion of the chancellor.  Such discretion is con-
    trolled by the provisions and principles of law and equity
    applicable to the particular facts and circumstances; and unless
    it clearly appears that the chancellor has erred in his decree
    in refusing a specific performance, it will not be disturbed
    on appeal.

2.  The enforcement by a court of equity of a specific performance
    of a contract is not a matter of right in either party to such
    contract, but a matter for the exercise of a sound judicial
    discretion by the court, and should only be exercised when a
    decree for specific performance would be strictly equitable as
    to all the parties under the facts as they exist.

3.  Improvements afford no independent ground for specific per-
    formance unless they are both valuable and permanent and
    are warranted by the contract.

4.  An enforcement in equity of the specific performance of a con-
    tract to convey real estate is not a matter of right except
    as such enforcement may be essential to the maintenance of a
    legal right to which the movant is clearly and equitably en-
    titled.

Appeal from Circuit Court for Hillsborough County;
F. M. Robles, Judge.

Order affirmed.

*Hilton S. Hampton* and *Fred J. Hampton,* for Appel-
lant;

*C. B. Parkhill,* for Appellee.

WHITFIELD, J.—The bill of Complaint herein is as follows:

"James H. Murphy, by his solicitor Hilton S. Hampton, brings this his amended bill of complaint against Emmett Hohne, and thereupon your orator complains and says: That on the 18th day of June, 1915, the defendant was seized and possessed of the following premises lying in Hillsborough County, Florida:

"Lots 1, 2 and 3 of Block 3 of Luna Park, as per revised map of the same recorded in the records of Hillsborough County, Florida. And desiring to sell same to the complainant, thereupon the complainant then and there agreed to pay the sum of $449.00 in cash, and the complainant further agreed to assume and pay all taxes now due and owing on said premises, together with three paving certificates, one for $116.15, another for the same amount, and a third for the sum of $175.20, together with the taxes thereon amounting to approximately the sum of $150.00; and further agreed to furnish an abstract at a cost of $21.50.

"And the said defendant agreed for the consideration above named to execute and deliver a warranty deed of conveyance conveying the property to your orator, clear of incumbrances, save and except the taxes and paving above specified, and in pursuance of said agreement, your orator then and there paid to the defendant $50.00 cash, and was then and there let into the possession of the property, and proceeded to improve the same; that after the consummation of said agreement, the defendant stated to your orator that he had a wife who was in Brewton, Alabama; therefore, he could not immediately deliver a deed, but having previously given your orator a

receipt, which is attached to this bill as a part of the same and marked Exhibit 'A' agreed that he would take with him a warranty deed and would have the same executed in Brewton, Alabama, would procure his wife's signature and separate acknowledgment to the same, and would send it to the American National Bank of Tampa, Florida, at which time your orator was to pay the balance of the purchase price, amounting to $289.00.

"Your orator further represents that at the time of purchase, your orator agreed to pay the defendant a price then considered by your orator in excess of the value of the land, for the reason that your orator's wife has become very much attached to said lot and desired the same for a home by reason of its location, and has frequently begged your orator to ascertain the owner of the same and purchase it.

"Your orator further represents that although he has paid the part of the purchase price demanded, has been let into possession of the said property and is now in possession of the same, has expended divers sums of money in improving said property, in grubbing, grading and clearing the same for building, has purchased the abstract as above specified, has done all things on his part agreed to be done and performed and is ready, willing and able to carry out all conditions, payments and stipulations on his part agreed to be done and performed, yet the defendant, notwithstanding the premises and the said payments, but with a fraudulent design to extort the payment of additional money from your orator, in bad faith and with the purpose of escaping his just obligations, has refused to make and execute and deliver said deed, and as the defendant is insolvent, your orator has been compelled, having no other remedy save in a court of equity, to file this bill of complaint.

"Your orator further represents that the said complainant is now the holder of the legal title to the foregoing property, and same is clear of incumbrance, save and except the taxes and paving certificate, which under the agreement of purchase your orator has assumed as part consideration, and your orator is ready, able and willing to make said payments, and hereby offers and tenders to pay the balance of the purchase price upon tender of a deed in accordance with the contract of the parties.

"The premises considered, your orator prays:

"1st.    That the said Emmett Hohne, who is made a party defendant to this bill, may be decreed to answer the same, answer under oath being hereby waived.

"2nd.    That on final hearing this court will order and decree that the defendant do specifically perform the agreement hereinbefore set forth, by making, executing and delivering to your orator, upon payment of the balance of the purchase price, as agreed, a deed of conveyance as contracted, conveying the property described in this bill of complaint to your orator, clear of incumbrance save and except taxes and paving certificates, and in the event of his failure to do so, that the decree of this court may operate as such conveyance; that he do procure to the said deed, as agreed, the signature of his wife, relinquishing her dower therein in the manner required by the laws of the State of Florida, and in case of his failure to procure the signature of his said wife, and her separate acknowledgment to said deed in the form required by law, that the value of the existing dower interest of his said wife may be computed and that your orator may have credit therefor on the purchase price of the land sought to have conveyed, or have indemnity therefor.

"3d.    That your orator may have such other and fur-

ther relief in the premises as may be agreeable to equity, and as the circumstances of this case shall warrant.

"4th.   That a writ of subpoena do issue directed to the defendant, Emmett Hohne, requiring him on a day and under a penalty to be therein fixed, to be and appear before this honorable court, full, true and perfect answer to make to all and singular the allegations in this bill of complaint, and to stand to and perform such other and further order in the premises as may be proper."

Exhibit "A" is as follows:

"Received from James H. Murphy the sum of Fifty ($50.00) Dollars, being part payment for the purchase price of the following property in Hillsborough County, Florida:

"Lots 1, 2 and 3 in Block 3, of Luna Park, a subdivision, as per recorded plat thereof.

"I agree to furnish a warranty deed, clear of incumbrances, save taxes since 1903, and assessments for paving to the said Murphy upon his paying to me the balance of the purchase price, to-wit, $289.00, the total purchase price of the property being $339.99, plus taxes and paving which Mr. Murphy agrees to pay since 1908.

"Witness my hand and seal on this 18th day of June, A. D. 1915.

"EMMETT HOHNE   (Seal)."

A demurrer to the bill of complaint was filed on the following grounds:

"1st.   The bill is without equity.

"2nd.   The allegations of the bill of complaint do not entitle the complainant to the relief prayed for therein.

"3d.   The allegations of the bill of complaint show that the complainant is not entitled to the relief prayed for therein.

"4th.    The allegations of said bill seek to vary the terms of the written contract by parol testimony."

This demurrer was sustained and the complainant appealed.

Applications for the enforcement of specific performance of a contract for the sale of real estate are addressed to the sound judicial discretion of the chancellor.    Such discretion is controlled by the provisions and principles of law and equity applicable to the particular facts and circumstances; and unless it clearly appears that the chancellor has erred in his decree in refusing a specific performance, it will not be disturbed on appeal.    Gaskins v. Boyd, 66 Fla. 432, 63 South. Rep. 824.

The enforcement by a court of equity of a specific performance of a contract is not a matter of right in either party to such contract, but a matter for the exercise of a sound judicial discretion by the court, and should only be exercised when a decree for specific performance would be strictly equitable as to all the parties under the facts as they exist.    Rose v. Henderson, 63 Fla. 564, 59 South. Rep. 138.

Improvements afford no independent ground for specific performance unless they are both valuable and permanent and are warranted by the contract.    L'Engle v. Overstreet, 61 Fla. 653, 55 South. Rep. 381.

An enforcement in equity of the specific performance of a contract to convey real estate is not a matter of right except as such enforcement may be essential to the maintenance of a legal right to which the movement is clearly and equitably entitled.    As the complainant below has no right to enforce specific performance against the wife, and as when the contract was made the complainant, not knowing the defendant was a married man, contemplated a conveyance by the defendant of the entire property

rights in the land, which could not have been contracted for if contemplated by the defendant, he knowing he had a wife and no contract by her being made as required by the statute, the court will not require specific performance in part and compensation for the remainder, that relief not appearing in this case to be essential to the maintenance of the legal rights of the complainant growing out of the contract as it was accepted by him. It does not clearly appear that appropriate proceedings at law will not afford a complete remedy. The defendant apparently owns the property in controversy.

An abuse of discretion is not shown in the order sustaining the demurrer to the bill of complaint which was appealed from and such order is affirmed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD and ELLIS, JJ., concur.

PER CURIAM.—The allegations of the complainant clearly show that in accepting the contract to convey he did not contemplate the existence of or the conveyance of a dower interest in the land; and though the complainant may have been deceived as to the defendant's right to convey the land, this does not afford an equity for specific performance. Deception may give a right of action at law or in equity for appropriate relief; but specific performance is not a general remedy for deception, and the allegations in this case do not show a clear right to enforce in part a contract to convey land.

Rehearing denied.

All the Justices concur.