DIXIE NAVAL STORES COMPANY, A CORPORATION, *Appellant*, *v.* GERMAN-AMERICAN LUMBER COMPANY, A CORPORATION, *et al.*, *Appellees*.

Opinion Filed August .14, 1918.

Petition for Rehearing Denied October 31, 1918.

1. The specific performance of a contract to convey an interest in real estate is not a matter of right, but rests in the sound reasonable discretion of a Court of Equity.

2. An executory contract for the sale of land which fails to describe or otherwise identify the /land and name the purchase price and time of payment, is not enforcable in a Court of Equity.

3. In suits for specific performance of parol contracts for the sale of land, the rules of equity pleading require that the terms of the contract must be distinctly, definitely and precisely stated in the bill, so that the Court may not be left to inference as to its terms or as to the rights of the parties, and so that the Court can see that the contract is one which it is equitable to enforce.

4. Applications for the enforcement of specific performance of contracts for the sale of real estate are addressed to the sound judicial discretion of the chancellor. Such discretion is controlled by the provisions and principles of

law and equity applicable to the particular facts and cir
cumstances; and, unless it clearly appears that the chan-
cellor has erred in his decree in refusing a specific per-
formance, it will not be disturbed on appeal.

Appeal from Circuit Court for Washington County; D.
J. Jones, Judge.

Decree affirmed.

*Giles J. Patterson* and *Powell* & *Pelot,* for Appellant;

*Blount* & *Blount* & *Carter,* for Appellees.

WHITFIELD, J.—The appeal is from a decree denying
the specific performance of an alleged contract for the
sale of turpentine rights in pine trees growing on land.
Such rights constitute an interest in real estate.

It appears that for a lump sum a conveyance was made
of turpentine rights in a large acreage of land, with ex-
pressed conditions as to the time and manner of exercis-
ing the rights conferred. The conveyance also contained
the following: "In further consideration of the sum first
herein mentioned the said German-American Lumber
Company, its successors and assigns and Fr. J. Schreyer,
either jointly or individually shall give the said J. R.
Saunders the refusal of all the turpentine rights and
privileges on any and all lands they may at any time
hereafter acquire by themselves or their agents in the
Counties of Calhoun and Washington, State of Florida,
west of Chipola River and East of Choctawhatchee
Rivers."

It is contended that this quoted provision warrants a
court of equity to "inquire and ascertain what lands and
timber have been acquired" by the defendants since the

agreement referred to, and to render a decree requiring the defendants' appellees here, to convey to complainant's turpentine rights therein, upon the payment "of the purchase price thereof."

The specific performance of a contract to convey an interest in real estate is not a matter of right, but rests in the sound reasonable discretion of a court of equity. Chabot v. Winter Park Co., 34 Fla. 258, 15 South. Rep. 756, 43 Am. St. Rep. 192; Nobles v. L'Engle, 61 Fla. 696, 55 South. Rep. 839; Asia v. Hiser, 38 Fla. 71, 20 South. Rep. 796; McCrillis v. Copp, 31 Fla. 100, 12 South. Rep. 643.

An executory contract for the sale of land which fails to describe or otherwise identify the land and name the purchase price and time of payment, is not enforceable in a court of equity. Edwards v. Rives, 35 Fla. 89, 17 South. Rep. 416.

In suits for specific performance of parol contracts for the sale of lands, the rules of equity pleading require that the terms of the contract must be distinctly, definitely and precisely stated in the bill, so that the court may not be left to inference as to its terms or as to the rights of the parties, and so that the court can see that the contract is one which is equitable to enforce. Maloy v. Boyett, 53 Fla. 956, 43 South. Rep. 243.

Applications for the enforcement of specific performance of contracts for the sale of real estate are addressed to the sound judicial discretion of the chancellor. Such discretion is controlled by the provisions and principles of law and equity applicable to the particular facts and circumstances; and, unless it clearly appears that the chancellor has erred in his decree in refusing a specific performance, it will not be disturbed on appeal. Murphy v. Hohne, 73 Fla. 803, 74 South. Rep. 973.

The contract provision in this case is manifestly not susceptible of specific enforcement as an agreement to convey an interest in real estate, since it is merely a stipulation that the defendants "shall give the" complainants "the refusal of all turpentine rights," etc., without sufficient specifications as to price, terms, descriptions, etc., to warrant specific performance, even if the contracts be regarded as being more than a binding promise to give a preference in future sales that may be considered.

Affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.