JOSIAH RICHARDSON, *Appellant,* v. L. B. VARN, *Appellee.*

Opinion Filed October 8, 1920.

Petition for Rehearing Denied November 29, 1920.

1. In an appeal from a decree in chancery on the merits of a cause, the burden is upon the appellant to make it clearly to appear that the decree was erroneous in order to obtain a reversal.

2. Specific performance of a contract for the sale of lands is not a matter of right in either party, but a matter of sound discretion in the court, controlled by settled principles of law and equity applicable to the particular facts.

3. A contract for the conveyance of lands when executed by a marrried woman should be acknowledged by her in accordance with the requirements of the statute provided in such cases.

4. Specific performance of a contract for the conveyance of land which provides in the alternative for the conveyance of an undivided half interest or a conveyance of a certain part of the land and division fences as the parties might agree upon, cannot be obtained in the absence of any showing of an agreement between the parties as to a division of the lands, the location of lines, or some facts showing the complainant's right to an undivided half interest.

An Appeal from the Circuit Court for Hernando County; W. S. Bullock, Judge.

Decree affirmed.

*G. C. Martin* and *H. S. Hampton,* for Appellant;

*F. B. Coogler* and *F. L. Stringer,* for Appellee.

PER CURIAM.—Josiah Richardson and L. B. Varn entered into a written agreement in January, 1910, whereby Richardson agreed to drain a certain prairie in Hernando County owned by Varn by such means as Richardson might "see fit to use, within a period of forty-eight months" from the date of the agreement, and to render the prairie "fit for •farming purposes as far as surface drainage is concerned." This work was to be done at Richardson's expense. There was excepted from the territory to be drained certain portions known as Irvine Lake and several sinks located on the prairie, Varn agreed that Richardson should have all "rights of ingress and egress to, from and across said· land during the said term for the purposes of this contract," and when the "drainage operation is completed" to convey to Richardson, his heirs and assigns by warranty deed "an undivided one-half interest in and to all untimbered portions of said prairie, together with the wooded island thereon, also Irvine Lake, or convey to said party of the first part (Richardson) and to his heirs and assigns forever one-half of said prairie in such manner as may be agreed upon between the parties hereto, and further to furnish timber for all fence posts of live oak, lightwood or mulberry for boundary and division fences."

Clara S. Varn, wife to L. B. Varn, was a party to the agreement, but did not acknowledge the instrument according to the requirements of the statute.

In October, 1914, Richardson exhibited his bill of complaint against Varn. After demurrers sustained to the original and amended bills of complaint, Richardson filed his second amended bill alleging that he had completed the contract in August, 1914, and exhibited his work to Varn who expressed himself as satisfied therewith;

"whereupon," the complainant "requested of the defend-
ant that he convey, in accordance with the terms of the
contract, the lands therein described to which your orator
(Richardson) is entitled, but the defendant then and
there refused, seeking to take advantage of the valuable
improvements placed upon his land" by Richardson. It
was alleged that the complainant at the time of entering
into the contract was let into the possession of the lands
and is now in possession. The prayer was for a decree
that the "defendant do convey to your orator by warranty
deed of conveyance in which his said wife shall join, an
undivided one-half interest in and to the lands described
in this bill of complaint," etc., "and in the event the said
defendant shall fail or refuse to procure the joinder of his
said wife in said conveyance, that your orator may by
proper decree have credit for his failure of title *pro
tanto.*" There was a prayer for injunction against annoy-
ance of the complainant by actions at law, and a prayer
for general relief. Mrs. Varn was not made a party to
the bill.

The defendant answered after several motions to strike
portions of his first and second amended answers were
sustained, denying that the complainant had complied
with the "terms and conditions" of the contract, and
denied that the "complainant did ever drain said prairie
lands in accordance with the terms of the agreement" be-
·tween them, but averred that the "complainant failed to
drain said prairie lands so that same, or any appreciable
part thereof would be fit for farming purposes as was
contemplated by the parties." The answer admits that in
August, 1914, complainant exhibited the work to the
defendant, but denies that he expressed himself as satis-
fied with it; but on the contrary he expressed himself as

dissatisfied with the work and stated to the complainant that the prairie was not drained and not fit for farming purposes.

The answer contained a demurrer upon eight grounds, which, in substance, are as follows: That the bill seeks to enforce a verbal contract for the conveyance of land; that the written contract for the conveyance of land was supplemented, according to the allegations of the bill, by a verbal contract, in which time was of essence; that the complainant has an adequate remedy at law; the bill seeks to obtain a conveyance from defendant's wife, contrary to law; that the written contract was in the alternative, but the bill fails to show any agreement of division between the parties; that the bill does not allege that the defendant refused to comply with the alternative, and that the bill is insufficient.

A great deal of evidence was taken in the case on behalf of the parties, and at the final hearing the chancellor denied the relief prayed for on the merits, sustained the demurrer to the bill and dismissed it. From that decree the complainant appealed.

The decree of the chancellor is not shown by the record to have been erroneous on the merits, nor does the order on the demurrer appear to be erroneous. It would be unproductive of any benefit to quote the evidence or to discuss the methods used by witness in complainant's behalf to ascertain whether the land had been drained and made fit for farming purposes as far as surface drainage is concerned. It is sufficient to say that after reading the record, consisting of two large volumes of typewritten matter, much of the testimony being irrelevant, immaterial and unnecessary, we fully agree with the chancellor's findings of fact and his conclusions on the merits.

It has many times been held by this court that unless the decree on the merits shall clearly appear to have been erroneous it will not be disturbed.  See City of Jacksonville v. Huff, 39 Fla. 8, 21 South. Rep. 774; Lucas v. Wade, 43 Fla. 419, 31 South. Rep. 231; Farrell v. Forest Inv. Co., 73 Fla. 191, 74 South. Rep. 216; Mock v. Thompson, 58 Fla. 477, 50 South. Rep. 673; Guerra v. Guiterrez, 66·Fla. 570, 64 South. Rep. 232; Williams v. Bailey, 69 Fla. 225, 67 South. Rep. 877.

In the case at bar, considering the rule which obtains in proceedings of this character, that specific performance of a contract for the sale of lands is not a matter of right in either party, but a matter of sound, reasonable discretion in the court. that the evidence is by no means clear that the lands had been drained "so as to render them fit for farming purposes" within the meaning of that clause in the contract, construed with reference to the condition of the lands before the agreement was made, and the alternative feature of the contract relating to the conveyance by the defendant of an undivided half interest or a deed to a specific part of the land in "such manner as may be agreed upon between the parties," it is impossible to perceive how the chancellor could have reached any other conclusion than that expressed in his decree.

Time was not considered to be of the essence of the agreement.  The complainant, according to the bill and admissions of the answer, claimed to have complied in all respects with the terms of the contract about May 30, 1914.  The contract was entered into January 7, 1910, and allowed forty-eight months in which to complete the work.  The chancellor did not regard the complainant's failure to complete the work within the time limit as in anywise affecting his rights, nor do we.

After the commencement of the suit the complainant did a great deal of work in comparison with what he had done before in executing his plan of drainage to prepare as he said for "unprecedented extraordinary floods and rains such as we had last month," etc., yet in 1916 and 1917 it appears from the evidence that the land was overflowed and much damage was done to the crops which had been planted on portions of the land, mainly, if not entirely, at the south end, while there appears to have been little or no effort to drain the northern end of the prairie, except such as might result from opening wells in the southern end to act as receptacles or reservoirs for the surplus water flowing from the north. See also Gaskins v. Byrd, 66 Fla. 432, 63 South. Rep. 824; Murphy v. Hohne, 73 Fla. 803, 74 South. Rep. 973; Drake Lumber Co. v. Branning, 66 Fla. 543, 64 South. Rep. 263.

There are other features of the case which it is unnecessary to discuss, but which considered as a part of the cause presented to the court tend to emphasize the reason for the rule that the matter of a decree for specific performance rests in the discretion of the chancellor as controlled by settled principles of law and equity applied to the particular facts. Drake Lumber Co. v. Branning, *supra*.

The contract was unenforceable as to Mrs. Varn, yet complainant seeks to enforce it against her, or require defendant to make due allowance for the value of her dower interest. The contract provided for a conveyance of an undivided half interest or a conveyance to a certain part and division fences as the parties might agree upon, yet there appears to have been no agreement between them as to a division; the defendant's possession was not of the character which is given to one in contemplation of a

conveyance to him of the fee, it was merely a license to go to and from and over the land that he might carry on his work of reclamation, yet the defendant holds possession as owner and attempts to convert his license into a possession under the agreement.

We think that the chancellor's decree was without error, and the same is hereby affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.