MARY L. GAUTIER, JOINED BY HER HUSBAND, W. J. GAUTIER, *Appellants*, v. MYRTLE E. BRADWAY, *Appellee*.

Opinion Filed February 23, 1924.

Petition for Rehearing Denied April 22, 1924.

This case was decided by Division B.

1. A complete contract binding under the statute of frauds may be gathered from letters, telegrams and writings between the parties relating to the subject matter of the contract and so connected that they may be said to constitute one paper relating to the transaction.

2. An executory contract containing mutual agreements which cannot be enforced against one of the parties because of infancy, coverture or other disability, will not be enforced against the other party.

3. When married women under coverture and infants have not the capacity to bind themselves to the performance of an executory contract, parties assuming to contract with them are not in equity bound to perform the contract on their part.

7—Vol. 87.

4. Mutuality of terms and considerations must exist between the parties before specific performance will be decreed.

5. Applications to enforce specific performance of contracts for the sale of land are addressed to the sound judicial discretion of the chancellor, such discretion to be controlled by the principles of law and equity as applied to the facts and circumstances of the particular case, and when thus controlled his decision will not be disturbed on appeal unless clearly erroneous.

An Appeal from the Circuit court for Dade County; H. Pierre Branning, Judge.

Decree affirmed.

*R. B. Gautier* and *Bart A. Riley,* for Appellants;

*Lilburn R. Bailey, Clifton D. Benson and Burwell & Shipp, for Appelleee.*

TERRELL, J.—This is a suit for specific performance on the part of Mary L. Gautier, joined by her husband W. J. Gautier, of Miami, Florida, against Myrtle E. Bradway, of Los Angeles, California.

The alleged contract performance of which is sought to be required is based on twenty-seven letters and telegrams affecting the sale of the following described lands: "Lot Seven (7), Block One Hundred Fifteen (115), Ocean Beach, Florida, Addition No. 4, being a sub-division of the South twenty-three hundred and forty (2340) feet of Fractional Section Three (3), Township Fifty-four (54) South, Range Forty-two (42) according to the plat thereof recorded in Book 3 of Plats at Page 151 of the Public Records of Dade County, Florida, said property being in Dade County, Florida."

Pursuant to the foregoing letters and telegrams Myrtle E. Bradway, appellee, executed her deed to Mary L. Gautier, appellant, covering the lands above described and caused said deed to be forwarded to the Southern Bank & Trust Company of Miami for delivery to Mrs. Gautier on payment of an agreed cash consideration and the execution of her (Mrs. Gautier's) mortgage of said lands to secure for the deferred payment. Mrs. Gautier on advice of counsel declined to accept the deed on account of irregularities not necessary to detail here and instructed that it be returned to Mrs. Bradway for correction. Correspondence ensued with reference to correcting the deed, and Mrs. Bradway on March 30, 1920, by telegram cancelled the contract. On April 13, 1920, Mrs. Gautier filed her bill of complaint to enforce compliance with the terms of the contract.

A demurrer to the amended bill of complaint was overruled, exceptions thereto were allowed, a special master was appointed who took testimony and made his report, and on a final hearing the bill of complaint was dismissed. From the order dismissing the bill of complaint appeal is taken to this court.

Appellant contends that the judgment of the court below should be reversed because the letters and telegrams herein referred to constitute a valid and binding contract between the appellant and the appelle, that appelle could not rescind the said contract without the consent of the appellant, and that appellant is entitled to a decree requiring specific performance of said contract.

The defense to appellant's contention is (1) that Mrs. Gautier is a married woman under coverture who could not bind herself in an executory contract by reason of which there can be no mutuality of consideration; (2) that

said letters and telegrams did not constitute a contract between the parties hereto; (3) that Mrs. Bradway never intended to sell the lot described, but had in mind a different lot, and (4) Mrs. Bradway on October 23, 1923, listed her lands for sixty days and had a perfect right to withdraw them from sale after that time.

We think the letters and telegrams in connection with the deed executed on the part of Mrs. Bradway and sent to the Southern Bank & Trust Company to be delivered to Mrs. Gautier embodied all the essentials of a contract for the sale of lands as required under the statute of frauds (Sec. 3872, Rev. Gen. Stats. of Fla. 1920). Kalil v. Florida Nat. Bank, 81 Fla. 543, 88 South. Rep. 383; Tucker v. Gray, 82 Fla. 351, 90 South. Rep. 158. The Southhern Bank & Trust Company being the escrow holder was the agent of both Mrs. Gautier and Mrs. Bradway. Ullendorff v. Graham, 80 Fla. 845, 87 South. Rep. 50.

The question of whether or not Mrs. Gautier and Mrs. Bradway entered into a contract for the sale of the lands in question having been disposed of, the question that logically follows under the facts as presented by the record is, was there such mutuality of terms and consideration as to entitle Mrs. Gautier to a decree for specific performance of the said contract by a court of equity?

Mrs. Gautier, the appellant and one of the parties to the contract which is sought to be enforced, was a married woman under coverture, and the contract was executory with mutual agreements. The law seems to be well settled that an executory contract containing mutual agreements which cannot be enforced against one of the parties because of infancy, coverture or other disability will not be enforced against the other party. Where married women

under coverture and infants have not the capacity to bind themselves to the performance of an executory contract, parties assuming to contract with them are not in equity bound to perform the contract on their part. Lewis v. Yale, 4 Fla. 418; Fry v. Hawley, 4 Fla. 258, text 280; Yerkes v. Richards, 153 Pa. St. 646, 26 Atl. Rep. 221; Richards v. Doyle, 36 Ohio St. 37; Ashberry v. Mitchell, 121 Va. 276, 93 S. E. Rep. 638; 25 R. C. L. 234; 5 Pomeroy's Eq. Jur. par. 2191, 2192.

The decisions have materially relaxed and made many exceptions to the rule as here stated. We have examined the exceptions carefully, but it is not made to appear that appellant has brought herself within any of them; or, as stated from another angle, it is further not made to appear that there was ever a time during the history of this transaction up to the date of the final decree herein that appellee could have gone into a court of equity and enforced specific performance on the part of the appellant. Mutuality of terms and considerations not appearing to exist between the parties, specific performance should not be decreed. There was no complete performance by Mrs. Gautier of her part of the executory contract.

This court has in effect held that applications to enforce specific performance of contracts for the sale of land are addressed to the sound judicial discretion of the chancellor, such discretion to be controlled by the principles of law and equity as applied to the facts and circumstances of the particular case, and when thus controlled his decision will not be disturbed on appeal unless clearly erroneous. Dixie Naval Stores Co. v. German-American Lumber Co., 76 Fla. 339, 79 South. Rep. 836; Chabot v. Winter Park Co., 34 Fla. 258, 15 South. Rep. 756; Richardson v. Varn,

80 Fla. 517, 86 South. Rep. 503; Murphy v. Hohne, 73 Fla. 803. 74 South. Rep. 973.

The decree appealed from is affirmed.

WHITFIELD, P. J., and WEST, J., concur.

TAYLOR, C. J., and ELLIS and BROWNE, J. J., concur in the opinion.