Harry K. White, *et ux.*, v. Bert C. Cohn

188 So. 581.
Division B.
Opinion Filed May 2, 1939.

*Claibourne M. Phipps, A. Pickens Coles* and *Frank P. Ingram,* for Appellants;

*Williams & Dart,* for Appellee.

Chapman, J.—On January 10, 1936, the parties to this suit executed a contract for the purchase and sale of real estate situated in Sarasota County, Florida. The sum of $100.00 was paid as a binder and the remaining amount of $3475.25 was to be paid in cash and a purchase price mortgage. Through inadvertence the parties failed or omitted to express the date of closing of the sale, but it was in the minds of the parties that the trade would be closed in some two weeks after January 10, 1936. The vendors and the

purchaser, according to the testimony, had several confer-
ences about a closing date after the contract was signed
and by mutual consent deferring the same from time to
time. The vendors lived in Tampa, while the purchaser re-
sided in Sarasota. Trips were made between the two cities
and letters and telephone calls had or made about the trans-
action.

On May 15, 1936, a conference was held at Sarasota when
a closing of the trade was discussed. The vendors wanted
to make a trip to California and the purchaser desired to
go to Chicago and they agreed that when each returned to
Florida the trade would be closed. The vendors contend
that there was a forfeiture, abandonment or termination of
the contract of sale as of May 15, 1936, but admitted that
they did not tender a deed to the purchaser and declare a
forfeiture of the earnest money. The purchaser contended
that there was not a forfeiture or abandonment of the con-
tract as of May 15, 1936, but the contract was in force and
binding as between the parties, and he was awaiting the
return of the vendors from California. He saw an adver-
tisement of the property for sale in one of the daily papers
and immediately had his contract of purchase recorded
among the public records of Sarasota County, Florida, and
went to Tampa and tendered the amount of money due
and demanded of the vendors a deed according to the con-
tract, which was refused.

On April 22, 1937, vendors filed a bill of complaint seek-
ing to remove and cancel the contract as a cloud upon the
title as the purchaser had abandoned the contract and for-
feited the same. An answer was filed denying the material
allegations of the bill of complaint and at the same time
praying for specific performance. Testimony was heard by
the Chancellor and a final decree entered holding that there
had not been a forfeiture, abandonment or termination of

the contract by the purchaser and requiring the vendors to carry out the terms of the contract. From this final decree an appeal has been perfected here and the final decree. assigned as error. The question of possession of the property is not material to a decision of this case.

The vendors claim an abandonment, forfeiture or termination of their contract by the purchaser. The contract, in part, provides;

"WITNESSETH; That if the said party of the second part shall first make the payments and perform the covenants hereinafter mentioned on his part to be made and performed, the said parties of the first part hereby covenant and agree to convey and assure to the said party of the second part, his heirs, executors, administrators or assigns, in fee simple, clear of all incumbrances whatever, by a good and sufficient deed, the lot, piece, or parcel of ground, situated in the County of Sarasota, State of Florida known and described as follows, to-wit: The south 533 ft. of U. S. Lot 1 Section 11 W. of road less 1 acre for U. S. Light House and less 15 ft, easement along section line. The above property lying and situated in Section 11 - twp S. 37 - Range E 17, and the said party of the second part hereby covenant and agree to pay to the said parties of the first part the sum of Thirty-Five Hundred Seventy-Five and 24/100 Dollars, in the manner following: $100.00 herewith and Sixteen Hundred Seventy-Five and 25 cents after title has been accepted and First mortgage for $1800.00 at 6% interest payable in one year or less, with interest at the rate of 6% per centum per annum, * * *"

The vendors received under this contract the sum of $100.00 and obligated themselves to execute an instrument conveying a fee simple title to the land upon payment of the balance due under the terms of the contract. The evidence shows a tender on the part of the purchaser to the

vendors of the sum of money named in the contract, but the vendors refused to convey and claimed an abandonment or forfeiture of the contract on the part of the purchaser. The bill of complaint seeks a cancellation of the sales agreement upon the ground that the same is a cloud upon the title to the land and a forfeiture exists of all right of the purchaser accruing under the sales agreement. In the case of Miami Bond & Mtg. Co. v. Bell, 101 Fla. 1291, 133 So. 547, this Court had before it a contract for the sale of land where there was a covenant to convey on the part of the vendor and likewise a covenant to pay by the vendee, and the covenants were to be performed by both parties at the same time. It was held that a tender of a deed was a condition precedent to an action at law to recover the purchase price and by the vendor of an action in equity for the specific performance of the contract. See Forssell v. Carter, 65 Fla. 512, 62 So. 926; Realty Securities Corp. v. Johnson, 83 Fla. 46, 111 So. 532.

The parties to the cause contemplated the transaction would be closed in two weeks after the signing of the contract and several trips were made by the parties between Tampa and Sarasota, but the vendors, on May 15, 1936, at Sarasota failed or omitted to tender a deed to the property in conformity with the contract, and there is evidence to sustain the views of the Chancellor that a waiver of the time of performance occurred by the vendors. See L'Engle v. Overstreet, 61 Fla. 653, 55 So. 381. It appears that no error was committed by the lower court in refusing to decree a forfeiture of the rights of the purchaser under the contract on the evidence offered in support thereof.

The parties admit that the purchaser tendered the amount of money named in the contract and demanded a deed of the vendors. The payment of the purchase price money or a tender thereof by the purchaser to the vendors must be had

or made before the purchaser can maintain a bill for specific performance. See Shouse v. Doane, 39 Fla. 95, 21 So. 807, cited in Taylor v. Mathews, 53 Fla. 776, 44 So. 146; Orlando Realty Board Bldg. Corp. v. Hilpert, 93 Fla. 954, 113 So. 100.

The specific performance of a contract for the sale of land is not a matter of right in either party, but the right to such performance rests in the sound reasonable discretion of a court of equity. See Orlando Realty Board Bldg. Corp. v. Hilpert, 93 Fla. 954, 113 So. 100; Dixie Naval Stores Co. v. German American Lbr. Co., 76 Fla. 339, 79 So. 836.

The application for an order of specific performance of a contract for the sale of real estate is addressed to the sound discretion of the Chancellor and this Court will not interfere therewith unless it clearly appears that the Chancellor erred. Murphy v. Hohne, 73 Fla. 803, 74 So. 973, L. R. A. 1917F, 594; Gautier v. Bradway, 87 Fla. 193, 99 So. 879; Gaskins v. Byrd, 66 Fla. 432, 63 So. 824; Dixie Naval Stores Co. v. German-American Lbr. Co., 76 Fla. 339, 79 So. 836; Williams v. Bailey, 69 Fla. 229, 67 So. 877; Drake Lbr. Co. v. Branning, 66 Fla. 543, 64 So. 263; Rose v. Henderson, 63 Fla. 564, 59 So. 138; Chabot v. Winter Park Co., 34 Fla. 258, 15 So. 756; 43 Am. St. Rep. 192; Richardson v. Varn, 80 Fla. 517, 86 So. 503; Merrill v. Barnes, 94 Fla. 882, 114 So. 527; Martin v. Albee, 93 Fla. 941, 113 So. 415; Bowling v. National Convoy, etc., Co., 101 Fla. 634, 135 So. 541; L'Engle v. Overstreet, 61 Fla. 653, 55 So. 381.

We have carefully considered each assignment presented, read the testimony appearing in the record, examined the briefs and authorities cited and heard oral argument at the bar of this Court and fail to find error in the record. The decree appealed from is hereby affirmed.

506

WHITFIELD, P. J., and BROWN, J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.