ROBERTS, Justice.
We here consider a summary final decree entered in a suit for specific performance of a contract of purchase and sale of real estate filed by the plaintiff-appel-lee, as purchaser, against the defendant-appellants, as sellers.
The complaint attached a copy of the contract, which showed that it was executed on behalf of the corporate purchaser “by Royal Flagg Jonas, Atty.” The complaint alleged that the contract had been entered into by the parties, and that the purchase price had been tendered to the defendants and a conveyance requested “but the Defendants refused to accept the tender and refused to make the conveyance.” The complaint also contained the following statement: “Plaintiff now offers to pay the purchase price.” The defendants’ answer denied the allegations of the complaint and set up an equitable defense arising out of certain restrictions applicable to the ownership and sale of property in the subdivision in which the subject property is located.
The plaintiff filed a motion for summary final decree supported by affidavits, and defendants filed counter affidavits. The lower court, upon a consideration thereof, entered a summary decree finding that plaintiff was entitled to specific performance of the contract. The defendants have appealed.
An examination of the record leads us irresistibly to the conclusion that there are genuine issues of material fact —particularly with reference to agency and compliance with the escrow deposit provisions of the contract and things touching the sound discretion of the Chancellor— to the extent that the ends of justice will be best served by a trial of the cause on its merits rather than a disposition on the pleadings.
Implicit in the final decree in this case is a determination by the Chancellor of the merits of the equitable defense made by defendants in their answer, since specific performance of a contract for the sale of land is not a matter of right but “rests in the sound reasonable discretion of a court of equity.” White v. Cohn, 1939, 137 Fla. 501, 188 So. 581, 583. See also Schuetz v. Niziolek, Fla.1953, 62 So.2d 704; Quest v. Barge, Fla.1949, 41 So.2d 158; Busch v. Baker, 79 Fla. 113, 83 So. 704. But this point will not be decided at this time because it is not properly presented here.
This is one of four cases evolving out of the same situation, and which are to be tried by the lower court. See Neglia v. Vernell, Fla., 99 So.2d 225, and LaBella v. Mentone Corp., Fla., 99 So. 225, and Mentone Corp. v. Terry, October 22, 1957. We have noted that the cases are in different divisions of the Dade County Circuit Court. We believe the ends of justice would be best served by consolidating the four cases for trial and recommend that the Presiding Circuit Judge give consideration to this procedure.
For the reasons stated, the summary decree here reviewed is reversed and the cause remanded for further proceedings.
Reversed and remanded.
THOMAS, Acting C. J., and DREW, THORNAL and O’CONNELL, JJ., concur.