PEARSON, Judge.
The defendant appeals from a decree requiring it to specifically perform a certain contract it made with the plaintiffs-appellees. The agreement was made by the parties because of the following conditions existing at the time of the agreement. Plaintiffs owned the property im *872 mediately adjacent to the property owned by the defendant. Defendant commenced the construction of drive-in teller windows and an asphalt parking; lot, next to plaintiffs’ property, notwithstanding that the defendant’s property was zoned only for residential use. Plaintiffs filed objections to a change of zoning and defendant was unsuccessful in obtaining a zoning change. Defendant then requested the plaintiffs to withdraw their objections and tendered the contract, now the subject of suit, as an assurance to plaintiff that defendant’s use would not be detrimental to plaintiffs’ continued residential use of his own property. The plaintiffs accepted the contract, withdrew their objections and the zoning change was granted.
The chancellor found that the defendant had breached its contract in five particulars and decreed specific performance of each provision. The court also allowed the plaintiffs an attorney’s fee under a provision of the contract that the defendant would pay “ * * * all costs and expenses, including reasonable attorney’s fees, which the Carsons [plaintiffs] may incur in specifically enforcing obligations and guarantees.”
Appellant urges first that the chancellor erred in the entry of the decree in that the plaintiffs failed to establish their claim to specific performance by proof of a lack of an adequate remedy at law.
A careful review of the record and the briefs convinces us that the cause was a proper one for the exercise of the equitable remedy of specific performance. In this connection it may be noted that the parties recognized the possible application of the remedy by the provision of the contract, aboye quoted, relative to .attorney’s fees .for an action of specific performance. We do not hold that spch a provision js ■ conclusive but simply point out that the defendant could not have been .greatly sur.prised.by the .holding of. the-court that the contract and circumstances were proper for the exercise of equity jurisdiction. It is recognized that the granting or withholding of the remedy of specific performance rests largely in the discretion of the chancellor. White v. Cohn, 137 Fla. 501, 188 So. 581; Richardson, Inc., v. Carlton, 140 Fla. 229, 191 So. 433; Howard Cole & Co. v. William, 157 Fla. 851, 27 So.2d 352. The facts of this case bring it well within the rule of Le Noir v. McDaniel, 80 Fla. 500, 86 So. 435, that the exercise of equity jurisdiction for specific performance depends upon the question of whether damages at law may not in the particular case afford a complete remedy. See, also, Todd v. Hyzer, 154 Fla. 702, 18 So.2d 888. Defendant admits that the purpose of the agreement was to protect plaintiffs in the enjoyment of their home and to help preserve the residential character of their neighborhood. Defendant has failed to point out how these matters could adequately be measured for money damages.
Next, the appellant urges that the evidence was insufficient to justify each of the portions of the decree enforcing the five separate provisions of the contract. The five breaches of the agreement as found by the chancellor were:
"1. Defendant has failed to stucco the concrete block wall on both sides in violation of Paragraph 1(A) of the Agreement.
“2. Defendant has failed to maintain a chain or other suitable barrier so as to bar ingress and egress at night from the south side of Lot 19, Block 9 of Shore Crest subdivision, Dade County, according to the plat thereof recorded in Plat Book 10, page 23 of the public records of Dade County, in violation of Paragraph 1(C) of the Agreement.
“3. Defendant has failed to employ a policeman or some other employee authorized to direct traffic in the City of Miami to direct, traffic in N. E. 81st Street from Lot 19 and. the drive-in *873 teller windows of the Miami National Bank at all times during banking hours in violation of Paragraph 1(D) of the Agreement. The policeman employed by the Miami National Bank stands in Biscayne Boulevard instead of in N. E. 81st Street opposite the exit of the parking lot and drive-in teller windows ■ as required by the Agreement.
“4. Defendant has constructed entrances on N.E. 81st Street and has permitted cars to enter the parking lot and drive-in teller windows of the Miami National Bank from N.E. 81st Street in violation of Paragraph 1(D) of the Agreement. There are no traffic regulations of the City of Miami which render it impractical to have no entrances to the parking lot and drive-in teller windows on N.E. 81st Street.
“5. A concrete structure and a metal box have been erected at a distance less than 20 feet from the south line of Lot 19 facing N.E. 81st Street in violation of Paragraph 1(E) of the Agreement.”
The decree required the remedy of each of these breaches by the performance of the corresponding covenants of the agreement. The evidence is sufficient to support the chancellor’s determination in each instance. Only breach numbered “3” needs further discussion. In this particular the decree was as follows:
“Defendant shall within five days from the date of this decree employ a policeman or some other employee authorized to direct traffic in the City of Miami to stand at all times during banking hours in N.E. 81st Street, Miami, Florida, directly opposite the exits from the drive-in teller windows and parking lot of the Miami National Bank to direct traffic from such windows and parking lot.”
It is urged' that there is no substantial evidence to show that the policeman is required to be on duty in N.E. 81st Street. The provision of the contract is as follows:
“Traffic Regulation. If the Miami National Bank or its successors do not employ a policeman or some other employee authorized to direct traffic in the City of Miami to direct traffic in N.E. 81st Street from Lot 19 and the proposed drive-in teller windows of such Bank at all times during banking hours, Biscayne agrees to employ such a person.”
Appellant urges that it has complied with this provision by employing a policeman who spends a portion of his time directing traffic into Biscayne Boulevard from 81st Street. While this may be' a reasonable place for a policeman to operate for the best interests of the defendant it is clear that in this function he will not be operating to perform the duty of guiding traffic into 81st Street from Lot 19. The latter is of special interest of the neighbor next door who may wish to avoid congestion at that point with the resultant noise of horns and dangers incident to children and others upon the sidewalk. Therefore, we cannot find that the chancellor erred in enforcing the contract as it was written.
Appellant’s remaining assignments of error are directed, first, to the amount of the attorney’s fee, and second, to the refusal of the . chancellor to recuse himself. Upon the first point the appellant offered no opposing evidence, and the court’s allowance was based upon the expert testimony of an attorney who had examined the court file and the office file of the attorney for the plaintiffs. His testimony was admitted without objection, and in the absence of evidence to rebut it' was a sufficient basis for the allowance of the fee, which while generous in amount, is not such as to shock the conscience of this court.
After the pleadings were settled and the cause was set for final hearing, the. *874 defendant filed a motion “to postpone trial and order cause referred to another division.” The motion was denied. The motion failed to set out facts nor does it allege grounds for disqualification contained in section 38.02, Fla.Stat., F.S.A. Since the defendant did not follow the procedure nor allege grounds for a proper suggestion of disqualification, the denial of the motion cannot be considered as error.
Affirmed.
CARROLL, CHAS., C. J., and HORTON, J., concur.