PER CURIAM.
This is an appeal by defendant below from a final judgment of the Circuit Court of Dade County, granting plaintiff relief by way of specific performance of a contract for the sale of improved real estate.
The agreement provided in part as follows :
“(c) The balance, plus or minus all other proration of closing, to be paid in the form of a credit against the obligation of the seller to the purchaser as evidenced by that certain promissory note dated December 6, 1966, in the original principal amount of $167,194.25, wherein Lisbon Holding and Investment Co., Ltd., was the maker and Village Apartments, Inc. a Florida corporation was the payee, * *
“8. Seller is to furnish an abstract of title within ten (10) days from date (otherwise, purchaser is authorized to obtain one at seller’s expense), showing good and marketable title in the seller in fee simple, subject only to the matters hereinabove described; and in the event that title shall be found not to be good and marketable, seller shall have a reasonable time, not to exceed ten (10) days to make it so; and upon failure to do so, the purchaser shall have the option to declare the contract cancelled, and obtain immediate refund of the deposit made hereunder; or to accept title in its existing condition.”
“9. This transaction shall be closed and all funds and instruments delivered on or before June 1, 1968.”
“12. Time shall be of the essence.”
Plaintiff alleged in its complaint that it was ready, willing and able to perform but that defendant refused to execute a deed in accordance with the terms of the contract.
The defendant in its answer admitted the execution of the contract but denied that plaintiff was entitled to the relief prayed for, and further alleged (1) that the contract sought to be specifically enforced provided that a note executed by the defendant and made payable to the plaintiff would be credited on the purchase price of the property and (2) that the plaintiff, note holder, had previously elected to file suit on that note, and that by electing to sue upon the note which was to be a part of the purchase price, plaintiff had waived and abandoned the contract for the purchase of the property; and therefore, (3) that such action constituted an election of remedy.
Upon final hearing, the court found that the plaintiff was entitled to the relief sought and entered final judgment accordingly. Defendant has appealed from the entry of such judgment.
We have carefully reviewed the record and considered the points on appeal, briefs and arguments of counsel and have concluded that no reversible error has been made to appear. Gautier v. Bradway, 87 FLa. 193, 99 So. 879.
Affirmed.