CARROLL, Judge.
This appeal is by the plaintiff below from a summary judgment entered in favor of the defendant. The ground upon which the judgment was based was that the contract declared upon was barred by the statute of frauds, § 725.01 Fla.Stat., F. S.A.
Relied upon by the plaintiff to satisfy the statute of frauds was a letter to him from the defendant, as follows:
“This is to serve as a formal understanding between Royal Palm Beach Colony, Inc. and yourself that you will be in the employ of Royal Palm Beach Colony, Inc. during the seasonal months of the business, namely December through April, for the next three years, 1971— 1972-1973 seasons.”
That writing failed to contain the requisites for a written contract or memorandum, signed by the party to be charged, sufficient to avoid the statute of frauds. It does not express the essential terms of the employment contract with a degree of certainty by which they could be known or understood without recourse to parol evidence. See Ocala Cooperage Co. v. Florida Cooperage Co., 59 Fla. 390, 52 So. 13; Gautier v. Bradway, 87 Fla. 193, 99 So. 879; Alton Beach Realty Co. v. Henderson, 92 Fla. 689, 110 So. 256; Webster Lumber Co. v. Lincoln, 94 Fla. 1097, 115 So. 498; Minsky’s Follies of Florida, Inc. v. Sennes, 5 Cir. 1953, 206 F.2d 1.
Affirmed.